UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASTRAZENECA AB,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HON. MICHELLE K. LEE,<br>Acting Under Secretary of Commerce for<br>Intellectual Property and Acting Director<br>of the United States Patent and Trademark<br>Office,<br>　　　　Defendant. | Civil Action No. 10-01676 (BAH) |

RESPONSE TO THE COURT'S ORDER THAT DEFENDANT SHOW CAUSE
WHY SHE SHOULD NOT BE SANCTIONED FOR FAILING TO COMPLY
WITH THE COURT'S SEPTEMBER 25, 2012, SCHEDULING ORDER

After the parties filed their joint status report, in which defendant requested a briefing schedule for her to file a motion for summary judgment, the Court issued the following order:

> MINUTE ORDER [dated December 19, 2014] (paperless) TO SHOW CAUSE by December 23, 2014 at 3:00 PM, why the defendant failed to comply with the Court's September 25, 2012 scheduling order, which required "Summary judgment motions, if any, [to be] filed by January 22, 2013" and why sanctions are not appropriate for this failure to comply with the Court's scheduling order, in light of the defendant's request in the parties' [26] Joint Status report to file a motion for summary judgment now.

The Court's September 25, 2012, scheduling order did not require defendant to file a summary judgment motion, and unlike plaintiff, defendant did not file such a motion. Undersigned counsel (Fred E. Haynes) chose not to do so out of a concern that there were likely to be disputed issues of material fact in this complex case that would preclude summary judgment, a view that finds some support in the Court's Order of December 4, 2014, denying plaintiff's motion for summary judgment on the ground that there is a disputed issue of material fact. Defendant

understood that the election not to file for summary judgment meant that the denial of plaintiff's motion for summary judgment would result in a trial.  (Unlike actions under the Freedom of Information Act or the Administrative Procedure Act, which are almost invariably resolved by summary judgment, when a patent applicant brings an action under 35 U.S.C. § 145, the applicant may supplement the administrative record with new evidence that, taken along with the administrative record, the court will review *de novo*.  See *Kappos v. Hyatt*, 132 S.Ct. 1690, 1696 (2012) ("[T]he district court must make its own findings *de novo* and does not act as the 'reviewing court' envisioned by the APA.")   Consequently, when there are disputed facts, a section 145 action may lead to a trial on the merits.   *Cf. Dome Patent L.P. v. Rea*, No. 07-1695 (PLF), 2014 WL 2948927 (D.D.C. July 1, 2014).)

The Court's Order of December 4, 2014, ECF No. 25, however, changed this calculus.   It specifically requested that the parties address in the Status Report:

> (2) Whether the defendant intends to file a motion for summary judgment in light of the undisputed facts that are independent of the challenged references in Long I, including such facts as:
>
>  a. Fulvestrant is not fully cross-resistant with Tamoxifen; b. Fulvestrant functions in a different manner than standard aromatase inhibitors, regardless of whether fulvestrant acts to inhibit aromatase; and c. A successful strategy in the treatment of advanced breast cancer is the use of sequential hormonal manipulations that lack cross-resistance.

Defendant interpreted this language to mean that the Court would be receptive to a summary judgment motion -- notwithstanding the Court's September 25, 2012, Order -- based on the Court's analysis that there may be a meritorious basis for such a motion, which on preliminary review appears to counsel for defendant to be correct.[1]   Accordingly, in the joint status report,

---

1. Defendant was also unaware – until plaintiff filed its summary judgment motion – that plaintiff would not materially dispute the key facts identified by the Court in its order.

2

defendant expressed the position that the most expedient and expeditious way to achieve finality in this matter is for the Court to allow defendant to file a motion for summary judgment.   Given the broad discretion that a District Court has over its docket, defendant did not interpret the Court's prior scheduling order to preclude it from requesting the proposed briefing schedule as seemingly invited by the Court.   In these circumstances, the imposition of sanctions on defendant would not be appropriate: defendant has not violated any court order by simply requesting that the Court permit further summary judgment briefing.

For the reasons set forth above, the order to show cause should be discharged.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

BY:   /s/ *Fred E. Haynes*
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4110
Washington, D.C. 20530
202.252.2550
fred.haynes@usdoj.gov

OF COUNSEL:

NATHAN K. KELLEY
Solicitor for the United States
Patent and Trademark Office

MARY L. KELLY, Ph.D.
AMY J. NELSON, Ph.D.
JEREMIAH HELM, Ph.D.
Associate Solicitors