AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ____for the District of Columbia____ on the following

☐ Trademarks or   ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>10cv1676 | DATE FILED<br>10/1/2010 | U.S. DISTRICT COURT<br>for the District of Columbia |
|---|---|---|
| PLAINTIFF<br>ASTRAZENECA AB<br>SE-151 85, Sodertalje<br>Sweden | | DEFENDANT<br>DAVID J. KAPPOS |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 10/240,656 | 4/4/2003 | ASTRAZENECA AB |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
|---|---|---|---|
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| SEE ATTACHED |

| CLERK<br>Angela D. Caesar | (BY) DEPUTY CLERK<br>/s/ Nicole M. Wilkens | DATE<br>1/7/2014 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov
To:DCD_ECFNotice@localhost.localdomain
Bcc:
--Case Participants: William J. Matney, Jr (jmatney@morganlewis.com), Fred Elmore Haynes
(fred.haynes@usdoj.gov), Judge Ricardo M. Urbina (teresa_gumiel@dcd.uscourts.gov), Judge
Beryl A. Howell (bah_dcdecf@dcd.uscourts.gov, michael_carrasco@dcd.uscourts.gov,
teresa_gumiel@dcd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4213140@dcd.uscourts.gov
Subject:Activity in Case 1:10-cv-01676-BAH ASTRAZENECA AB v. KAPPOS Order
Content–Type: text/html
```

# U.S. District Court

# District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 1/6/2015 at 10:32 AM EDT and filed on 1/6/2015

| | |
|---|---|
| **Case Name:** | ASTRAZENECA AB v. KAPPOS |
| **Case Number:** | 1:10–cv–01676–BAH |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **MINUTE ORDER (paperless) REMANDING the patent application at issue to the United States Patent and Trademark Office ("USPTO") for consideration of new evidence relating to non–obviousness. Upon consideration of the parties' [26] Joint Status Report, and the entire record herein, the Court determines that a REMAND to the USPTO is appropriate for the resolution of this case and best balances the equities, including judicial economy and fairness to the parties. The plaintiff––the patent applicant––specifically requests a remand and is therefore not prejudiced or disadvantaged by the grant of a remand and any subsequent delay in the resolution of its patent application. The defendant, moreover, now has a full and fair opportunity to consider the newly–submitted references made by the plaintiff and complained of by the defendant in its briefing in opposition to summary judgment.** *See* **[20] Mem. Opp. Pl.'s Mot. Summ. J. at 17 ("This court should not consider these newly–submitted references because they are not part of the record below... and are presented here now for the first time.... As such, the article should not be considered for the first time** *by this Court.***" (emphasis added)). In addition, the defendant's opposition to summary judgment makes repeated references to the need to resolve disputed issues of material fact.** *See id.* **at 13 ("That leaves at least three material factual disputes awaiting resolution....");** *id.* **at 16, 20, 21, 25, 26, 31. As a result, although the defendant has requested leave to file a motion for summary judgment, such motion appears futile in addition to being untimely since all parties were required to submit motions for summary judgment by January 22, 2013 under this Court's September 25, 2012 Scheduling Order. Ultimately, given the USPTO's "special expertise in evaluating patent applications," a remand will permit any future court proceedings to be based on the same evidence submitted to the USPTO rather than "a different set of facts."** *See Kappos v. Hyatt***, 132 S. Ct. 1690, 1700 (2012). Accordingly, the plaintiff's request for remand is granted, and the patent application at issue is**

1

**REMANDED to the USPTO for consideration of new evidence relating to non−obviousness. Signed by Judge Beryl A. Howell on January 6, 2015. (lcbah2)**

**1:10−cv−01676−BAH Notice has been electronically mailed to:**

Fred Elmore Haynes     fred.haynes@usdoj.gov

William J. Matney, Jr     jmatney@morganlewis.com

**1:10−cv−01676−BAH Notice will be delivered by other means to::**